**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Elliott Auto Supply, Co.,

        Plaintiff,

v.

General Parts Distribution LLC and
General Parts, Inc.,

        Defendants.

Civ. No. 12-1185 (RHK/TNL)
**MEMORANDUM OPINION AND ORDER**

Troy J. Hutchinson, Kari S. Berman, Briggs & Morgan, PA, Minneapolis, Minnesota, for Plaintiff.

Sarah J. Gorajski, George R. Wood, Littler Mendelson, PC, Minneapolis, Minnesota, for Defendants.

## INTRODUCTION

This case arises from an employment contract between Defendant General Parts, Inc. ("General Parts"), and Jennison Perry, a former General Parts employee in the Denver area. His employment was terminated on January 10, 2012, and on February 6 he began working for Plaintiff Elliott Auto Supply ("Elliott Auto"), one of General Parts' competitors in the Denver area. Elliott Auto commenced the instant action on May 16, seeking a declaratory judgment that the non-compete provision of Perry's employment agreement is invalid and asserting a tortious interference claim against General Parts.

General Parts now moves to dismiss or alternatively to transfer this action to the Eastern District of North Carolina. For the following reasons, the Motion will be granted and the Complaint will be dismissed.

**BACKGROUND**

General Parts is a North Carolina corporation with its principal place of business in Raleigh, North Carolina. Its subsidiary, General Parts Distribution LLC, operates CARQUEST Auto Parts retail stores and distribution centers across the country.

Perry began working for General Parts in September 2009 as a Regional Director of Store Operations in Colorado. As part of this hiring, General Parts and Perry executed an Employment, Confidentiality and Non-Compete/Non-Solicitation Agreement ("Employment Agreement"), which provided that in the event Perry's employment was terminated, he would not "provide services similar or related to the work or services [he] performed for [General Parts] for or on behalf of a company or business in the industry" in the Denver area for 12 months. (Wood Decl. Ex. 1 at 20.) It further provided that Perry would not solicit General Parts' customers or employees to leave General Parts and prohibited Perry from disclosing confidential information he acquired during his employment. (Id.)

General Parts terminated Perry's employment on January 10, 2012. On February 6, Perry began working for Elliott Auto in its North Denver and Fort Collins territories as a regional sales manager. General Parts sent both Elliott Auto and Perry a cease-and-desist letter on April 6, informing them of the non-compete and non-

2

solicitation covenants and the Confidential Information provision in the Employment Agreement.  The letter advised that if Perry continued to "provid[e] services on behalf of" Elliott Auto, General Parts would "not hesitate to pursue its full remedies"—including a restraining order, injunction, lost profits, and other damages—against both Perry individually and Elliott Auto.  (Hutchinson Decl. Ex. A at 3.)

General Parts filed suit to enforce the Employment Agreement against Perry in North Carolina state court on May 7.  (Wood Decl. Ex. 1.)  That complaint asserts claims for breach of contract, misappropriation of trade secrets, unfair and deceptive trade practices, breach of the covenant of good faith and fair dealing, and two claims of tortious interference, and requests injunctive relief, damages, and costs. (Id.)  On June 4, Perry removed the proceedings to federal court in the Eastern District of North Carolina.  (Wood Decl. Ex. 1.)   Currently pending in that case is Perry's July 10 Motion to Transfer the case to Colorado or to consolidate it with this action.

Elliott Auto filed the present declaratory action on May 16, after General Parts filed its state court action but before Perry removed it to the Easter District of North Carolina.  Elliott Auto seeks to invalidate the non-compete provisions of the Employment Agreement and brings a claim of tortious interference against General Parts.  Presently before this Court is General Parts' Motion to Dismiss or, alternatively, to Transfer this action to North Carolina.  The issues have been fully briefed, the Court heard oral argument on July 31, 2012, and the Motion is ripe for disposition.

## ANALYSIS

The dispositive issue[1] is whether the Court should apply the first-filed rule, pursuant to which General Parts requests the Court dismiss this action in favor of the first-filed action in North Carolina. "The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993). This rule gives priority "to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings." Keymar v. Mgmt. Recruiters Int'l, Inc., 169 F.3d 501, 503 n.2 (8th Cir. 1999) (citation omitted). Pursuant to the first-filed rule, a court has the discretion to dismiss the later-filed action, see Anheuser-Busch, Inc. v. Supreme Int'l Corp., 167 F.3d 417, 419 (8th Cir. 1999), or to transfer it where the first action involves the same parties and issues, see Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985).

Elliott Auto argues that the first-filed rule does not apply because federal jurisdiction first attached to this case, as Perry did not remove the North Carolina action to federal court until two weeks after Elliott Auto filed the instant action in Minnesota. The first-filed rule applies when parallel actions are filed in two federal courts, see Cent. States Indus. Supply, Inc. v. McCullough, 218 F. Supp. 2d 1073, 1087 (N.D. Iowa 2002), and it "typically determines, 'in the absence of compelling circumstances,' which of two

---

[1] General Parts' argument that Elliott Auto lacks standing is a non-starter. General Parts' threat letter "was sufficiently concrete, particularized, actual, and imminent to provide [Elliott Auto] with standing for a declaratory judgment action." Digital Angel Corp. v. Corporativo SCM, S.A. de C.V., Civ. No. 05-1060, 2005 WL 3357084, at *4 (D. Minn. Dec. 9, 2005) (Montgomery, J.).

concurrent federal court actions should proceed to judgment." Smart v. Sunshine Potato Flakes, L.L.C., 307 F.3d 684, 687 (8th Cir. 2002). Where the first-filed suit is commenced in state court and thereafter removed to federal court, the date of the filing in state court is the operative date for determining which court first established jurisdiction. See Feinstein v. Brown, 304 F. Supp. 2d 279, 282-83 (D.R.I. 2004) (concluding that the first-filed rule applied to an action initially filed in state court and thereafter removed to federal court after a parallel action was filed and treating the case "as though it had been commenced originally in federal court); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131 n.1 (S.D.N.Y. 1994) (same); Manufacturers Hanover Trust Co. v. Palmer Corp., 798 F. Supp. 161, 166 (S.D.N.Y. 1992) (collecting cases) . General Parts filed the North Carolina action on May 7, more than a week before Elliott Auto commenced the instant action. The Court determines that the North Carolina action was filed first.

The first-filed rule, however, "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." Nw. Airlines, 989 F.2d at 1005 (citations omitted). There are two "red flags" that may signal "compelling circumstances": (1) the first suit was filed after the other party gave notice of its intention to sue; and (2) the first suit was for declaratory judgment rather than for damages or equitable relief. Boatmen's First Nat'l Bank of Kansas City v. Kan. Pub. Emps.' Ret. Sys., 57 F.3d 638, 641 (8th Cir. 1995). Courts should be wary of the "spectre of duplicative efforts and costs and of inconvenience to

the parties, together with the waste of judicial resources inherent in parallel litigation." Northwest Airlines, 989 F.2d at 1007; see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952) (advising courts to consider "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation").

Neither "red flag" is waving here. Elliott Auto did not preemptively file this action after receiving General Parts' demand letter. General Parts gave notice that it might file suit, and a month later it followed through. The first-filed action does not seek a declaratory judgment; rather, it requests injunctive relief and damages. Therefore, the potential concerns raised where a declaratory action is filed as a preemptive strike are absent. See U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 489 (8th Cir. 1990) (noting that the "true plaintiff" in a declaratory judgment action could be considered to be the party entitled to injunctive relief or damages).

Elliott Auto also argues that the instant case is not parallel with the North Carolina action because Elliott Auto is not a party to that action. "A suit is parallel when substantially the same parties are contemporaneously litigating the same issues in another forum." Interstate Material Corp. v. City of Chi., 847 F.2d 1285, 1288 (7th Cir. 1988) ("A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum."). See also Horn & Hardart Co. v. Burger King Corp., 476 F. Supp. 1058, 1060 n.5 (S.D.N.Y. 1979) (absence of precise identity of parties in two litigations involving the same issues and essentially the same parties is insufficient to avoid application of the first-filed rule). Although Elliott Auto is not a

party to the North Carolina action, the two cases address the same legal question: what legal rights does Perry have to work for Elliott Auto in light of the Employment Agreement with General Parts? This question does not require the attention of two federal judges in two different districts.

Finally, Elliott Auto argues that North Carolina cannot exercise personal jurisdiction over it, and therefore application of the first-filed rule is inappropriate. Jurisdictional issues, however, generally concern defendants rather than plaintiffs. See, e.g., Colum. Pictures Indus. v. Schneider, 435 F. Supp. 742, 748 (S.D.N.Y. 1977) (determining that a stay in favor of later-filed case in California was appropriate where, *inter alia*, there was a "substantial question" of whether New York could exercise jurisdiction over *defendants*). Even if North Carolina would be unable to exercise personal jurisdiction over Elliott Auto as a *defendant*, Elliott Auto can file its claim in any state with jurisdiction over General Parts, including North Carolina. It could also protect its interests by moving to intervene in General Parts' present action under Federal Rule of Civil Procedure 24 or by simply consenting to North Carolina's jurisdiction. Its choice of Minnesota as a forum state, while relevant to a jurisdictional inquiry, must yield to concerns of judicial economy and consistency in light of the first-filed North Carolina case.

At its core, the first-filed rule's purpose is to prevent inconsistent results and duplicative judicial efforts. Right now, two cases are proceeding in two federal districts addressing the enforceability of the Employment Agreement. The Court finds no evidence that General Parts filed the North Carolina action in bad faith or raced to the

courthouse to preempt Elliott Auto's declaratory-judgment action. Accordingly, Elliott Auto's action will be dismissed and the parties' dispute over the reach and effect of the Employment Agreement will be able to proceed in the Eastern District of North Carolina without any danger of inconsistent results coming from this Court.

## CONCLUSION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that General Parts' Motion to Dismiss (Doc. No. 15) is **GRANTED**, and the Amended Complaint (Doc. No. 10) is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  August 14, 2012          s/Richard H. Kyle
                                RICHARD H. KYLE
                                United States District Judge